# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEJANDRO RIVERA, | Case No. 2:17-cv-02261-MMD-NJK |
| Plaintiff(s), | |
| vs. | ORDER GRANTING MOTION TO EXTEND DISCOVERY STAY |
| BODY ARMOR OUTLET, LLC, *et al.*, | (Docket No. 19) |
| Defendant(s). | |

Pending before the Court is Defendant Body Armor Outlet, LCC's ("BAO") motion to extend discovery stay pending resolution of its motion to dismiss for lack of personal jurisdiction. Docket No. 19; *see also* Docket No. 18 (BAO's motion to dismiss). Defendant Ace Welding Co., Inc. ("Ace Welding") joined the motion to extend the stay, Docket No. 20, and Plaintiff responded, Docket No. 22; *see also* Docket No. 17 (Ace Welding's motion to dismiss). The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to extend discovery stay is hereby **GRANTED**.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Id.* at 602-03. Motions to stay discovery pending resolution of a dispositive motion may be

granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

Defendant BAO seeks dismissal for lack of personal jurisdiction. Docket No. 18. Generally speaking, a pending motion challenging personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved" because such a motion presents a "critical preliminary question." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 U.S. Dist. Lexis 45940, at *3 (D. Nev. Apr. 8, 2015) (collecting cases). In determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *Id.* at *3 (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *10 (D. Nev. Oct. 10, 2012)). Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *Kabo Tools*, 2013 U.S. Dist. Lexis 156928, at *2.

//
//
//
//
//
//
//
//
//
//

Applying these standards with respect to Defendant BAO's personal jurisdiction challenge, the Court finds that sufficient cause exists to **GRANT** the motion to extend discovery stay as to all parties pending resolution of Defendant BAO's and Defendant Ace Welding's motions to dismiss. In the event the resolution of the motions to dismiss do not result in the dismissal of the action against any party, the parties remaining in the case shall file a joint proposed discovery plan no later than 14 days after the entry of the order regarding either motion to dismiss.

IT IS SO ORDERED.

DATED: September 14, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge